UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
VIS VIRES GROUP, INC.

      Plaintiff,

  -against-

PLAYERS NETWORK, INC. AND
MARK BRADLEY,

      Defendants.
------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 29 2015 ★
LONG ISLAND OFFICE

Civil Action No.

CV 15 6226
HURLEY, J
TOMLINSON, M

## COMPLAINT

Plaintiff, VIS VIRES GROUP, INC. ("Vis Vires"), files this Complaint and alleges the following:

### I. SUMMARY

1. Vis Vires brings this action for equitable relief and damages caused by violations of the antifraud provisions of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5(b) thereunder by MARK BRADLEY ("Bradley") and PLAYERS NETWORK, INC. ("the Corporate Defendant"), (collectively, jointly and severally, with Bradley, "the Defendants"). Through this action, Vis Vires seeks to recover losses caused by the Defendants' intentional and/or reckless misconduct, including compensatory and restitutionary damages, which losses can only be avoided if the equitable relief and injunctive relief described herein below is granted.

2. That at all relevant times, Bradley was and remains the Chief Executive Officer ("CEO") of the Corporate Defendant.

3. That Vis Vires was an investor in the Corporate Defendant and was well-known to the Defendants. Vis Vires's business strategy at the time of the stock purchases and loans and issuance of notes at issue was to invest in publicly-traded, nano-cap companies whose securities are traded on the Over the Counter Bulletin Board, OTCQB and the "Pink Sheets." Nano-cap companies, such as the Corporate Defendant, are often capital-constrained, as their low market capitalization hinders their access to banks or investment firms. Vis Vires provides capital to such companies, as an investment in return for shares purchased at a discount to market price.

4. That Vis Vires invested a total of $64,000 in the Corporate Defendant by purchasing securities directly from the Corporate Defendant and making loans thereto, and has sustained damages of $128,000 exclusive of attorney's fees, pre judgment interest, costs and late fees.

## II. JURISDICTION AND VENUE

5. This action arises under the anti-fraud provisions of the Securities Exchange Act of 1934 (15 U.S.C. §78j(b)), and Securities and Exchange Commission Rule 10b-5 (17 C.F.R. §240.10b-5). The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa). Defendants, directly and indirectly, singly or in concert, made use of the means and instrumentalities of interstate commerce, the means and instruments of transportation and communication in interstate commerce, or of the mails in connection with the acts, practices and courses of conduct alleged in this Complaint, certain of which occurred within the Eastern District of New York.

6. Venue is proper in this court pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b), because certain of the transactions, acts, practices, and courses of conduct constituting violations of duties established by the Federal Securities Laws occurred within this judicial district. Additionally, Vis Vires transacts business and maintains its

principal place of business in this district. That further, the Corporate Defendant has contractually agreed with Vis Vires to fix jurisdiction venue for any action in the State of New York, County of Nassau, which is within the Eastern District and the jurisdiction of this Court, and that New York shall apply to any dispute between the parties.

7. That in connection with the acts alleged in this Complaint, the Defendants directly or indirectly used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications and the facilities of the national securities markets.

### III. PARTIES

8. That at all times relevant herein, Vis Vires has been and remains a corporation organized and existing under the laws of the State of New York with an office for business in the County of Nassau, not engaged in the banking business.

9. That at all times relevant herein, the Corporate Defendant has been and remains a corporation organized and existing under the laws of the State of Nevada, within an office for business in the State of Nevada, County of Clark.

10. That at all times relevant herein, Bradley has been and remains a resident of the State of Nevada, County of Clark.

### IV. FACTUAL ALLEGATIONS

11. That heretofore and from time to time, the Defendants have made material misrepresentations of fact to Vis Vires, knowing that such misrepresentations were false, and upon which Vis Vires relied and was damaged.

12. That as a result of these material misrepresentations, Vis Vires invested $64,000 in the Corporate Defendant and sustained damages thereby.

## AS AND FOR A FIRST CAUSE OF ACTION
### **PROMISSORY NOTES DEFAULTS**

13.     Vis Vires repeats and realleges each and every allegation contained in paragraphs 1 through 12 of this Complaint with the same force and effect as if fully set forth at length herein.

14.     That on or about May 1, 2015, the Corporate Defendant, as borrower, made, executed and delivered to Vis Vires a convertible promissory note ("the Note") in the amount of $64,000, which Note was issued pursuant to a Securities Purchase Agreement ("the Agreement") of even date, which provided for certain issuance of, and conversion rights in and to the common stock of the Corporate Defendant.

15.     That the agreements between the parties provided that venue for any action between the parties would be the State of New York, County of Nassau pursuant to §4.6 of the Note and §5 of the Securities Purchase Agreement.

16.     That in the Note, the Corporate Defendant: (i) granted Vis Vires the right to convert all or any part of the outstanding and unpaid principal amount and accrued interest of the Note into fully paid and non-assessable shares of common stock of the Corporate Defendant; and (ii) agreed that an Event of Default of the Note shall occur upon the failure of the Corporate Defendant to timely issue shares of common stock of the Corporate Defendant to Vis Vires upon receipt of a conversion notice delivered pursuant to the Note.

17.     That the Corporate Defendant has willfully and unlawfully refused to deliver the Conversion Shares and rather has intentionally sought to hinder, delay and avoid the Corporate Defendant's conversion obligations pursuant to the Note and Agreement at the direction of

4

Bradley, which actions were beyond the scope of his status and duties as Officer and Director of the Corporate Defendant, and instead were undertaken for his own personal gain.

18. That Article 3 (specifically 3.2) of the Note provides among other things that the Corporate Defendant will be in default if it announces or threatens in writing that it will not honor its obligations to issue shares of stock to Vis Vires according to the Note and the Securities Purchase Agreement. Notwithstanding the foregoing, on or about October 28, 2015 the Corporate Defendant announced and threatened in writing that it would in fact refuse to issue shares of stock to Vis Vires and in fact announced and threatened that it would seek a judicial declaration that the Corporate Defendant was not obligated to deliver such shares, as well as a further judicial declaration that the Note and Securities Purchase Agreement should be declared void and unenforceable, thus creating an anticipatory repudiation of the Note and Securities Purchase Agreement. These writings were delivered to Vis Vires on October 28, 2015. That as a result, the Corporate Defendant defaulted in its obligations under the Note and Securities Purchase Agreement.

19. That by virtue of the foregoing, the Corporate Defendant is in default under the Note and no such default has been cured. That in addition, Vis Vires has learned that the Corporate Defendant has over the past several years engaged in a continuous pattern of accepting loans under circumstances, terms and conditions similar to those presented herein from a number of different lenders. However, instead of honoring its obligations with respect to those loans, the Corporate Defendant has repeatedly refused to make payment, refused to honor its other obligations, and has sought to force these other lenders to make unjustified and unlawful concessions and settlements. That this course of conduct clearly evinces a systematic and continuous breach of the Corporate Defendant's obligations to third party lenders, and

establishes that the Corporate Defendant acted in bad faith and with fraudulent intent from the very inception of the transactions that are at issue here. That this course of conduct and the Corporate Defendant's wanton and bad faith breach of its obligations to Vis Vires also represent a form of securities fraud under the Federal Securities Laws.

20. That the Corporate Defendant and Bradley have not cured the defaults with respect to their announcement in writing that they will not honor said obligations thereby causing damages to Vis Vires in an amount to be determined by the Court but not less than an amount equal to $128,000 ($64,000 X 200%) together with applicable interest thereon. These additional damages arise from the fact that the Note expressly provides that in the event of an uncured default, the obligor will be responsible for payment of 200% of the amount of the principal balance then due as liquidated damages and not as a penalty.

21. That moreover, pursuant to Section 1.4(g) of the Note, the Corporate Defendant acknowledged that the liquidated damages provision contained in Section 1.4(g) is justified as damages resulting from a failure, attempt to frustrate, interference with the conversion rights are difficult if not impossible to qualify, and that the default amount was reasonable under the circumstances.

22. That the Corporate Defendant and Bradley's actions have caused damages to Vis Vires in an amount to be determined by the Court but not less than an amount equal to $128,000 together with applicable interest thereon. That a true copy of a Notice of Default dated October 29, 2015 that was served upon the Corporate Defendant is annexed hereto and incorporated herein by reference as Exhibit "A". Thus, the Corporate Defendant is in default and Vis Vires is entitled to and demands judgment in the sum of $128,000 plus interest and late fees.

## AS AND FOR A SECOND CAUSE OF ACTION
## FRAUD IN THE INDUCEMENT

23. Vis Vires repeats and realleges each and every allegation contained in paragraphs 1 through 22 of this Complaint with the same force and effect as if fully set forth at length herein.

24. That Vis Vires made an investment in the aggregate amount of Sixty Four Thousand Dollars ($64,000.00) in the Corporate Defendant as a result of the foregoing transactions and as a result of the Defendants' defaults and intentional wrongdoing has not received any repayment of principal or interest on the Note and has also been deprived of its rights and opportunities to convert the debt into Conversion Shares as aforesaid.

25. That Vis Vires 's willingness to assent to the terms of the investment and the Note, and the investment itself, was caused by the fraudulent misrepresentations of the Corporate Defendant and Bradley contained within the Note and Agreement and confirmed within resolutions of the Board of Directors of the Corporate Defendant including but not limited to the representations that the Corporate Defendant would not fail to comply with conversion requirement of the Note, which misrepresentation was the most crucial and important of all because it was always the bargain for expectation of Vis Vires and the intention of the parties that the repayment of the Note would occur via the conversion process.

26. That upon information and belief, the Corporate Defendant and Bradley, acting in concert and based upon a conspiracy between them, made the foregoing misrepresentations with the knowledge that Vis Vires would rely thereon, and that the Corporate Defendant had no intention to honor its obligations under the Note and the Agreement and Bradley acted unilaterally, outside of the scope of his status and duties as an Officer and Director and for his

7

own personal gain solely to hinder, delay and avoid the Corporate Defendant's conversion obligations pursuant to the Note and Agreement.

27. That as a result of the foregoing, Vis Vires has been irreparably harmed.

28. That the Corporate Defendant's and Bradley's actions have caused damages to Vis Vires in an amount to be determined by the Court but not less than an amount equal to $64,000 together with applicable interest thereon.

### AS AND FOR A THIRD CAUSE OF ACTION
### BREACH OF CONTRACT – LOST PROFITS

29. Vis Vires repeats and realleges each and every allegation contained in paragraphs 1 through 28 of this Complaint with the same force and effect as if fully set forth at length herein.

30. That as a direct result of the defaults of the Defendants and their failure to abide by their contractual obligations, Vis Vires has been deprived of, and continues to be deprived of, the opportunity to acquire and to sell the common stock of the Corporate Defendant at a profit, which profits have been irretrievably lost as the markets for the common stock can no longer be recreated.

31. That by reason of the foregoing, Vis Vires is entitled to judgment in an amount to be determined by the Court and equal to the lost profits that Vis Vires would have realized had the stock been made available and delivered to Vis Vires in accordance with its Conversion Notice.

## AS AND FOR A FOURTH CAUSE OF ACTION
## BREACH OF CONTRACT – LITIGATION EXPENSES

32.     Vis Vires repeats and realleges each and every allegation contained in paragraphs 1 through 31 of this Complaint with the same force and effect as if fully set forth at length herein.

33.     That the Agreement provides that in the event of a dispute and/or litigation between the parties, the prevailing parties shall be entitled to recover all of its litigation expenses including reasonable attorney fees.

34.     That by reason of the foregoing, Vis Vires is entitled to a judgment against Defendants for the reasonable legal fees and litigation expenses paid or incurred in this action.

## AS AND FOR A FIFTH CAUSE OF ACTION FRAUD:
## VIOLATIONS OF SECTION 10(b) of the EXCHANGE ACT
## [15U.S.C. §78j(b) and Rule 10(b)-5b THEREUNDER [17 C.F.R.§240.10b-5 (b)]

35.     Vis Vires repeats and realleges each and every allegation contained in paragraphs 1 through 34 of this Complaint with the same force and effect as if fully set forth at length herein.

36.     That through the foregoing conduct, the Corporate Defendant, together with and acting in concert with Bradley, knowingly and recklessly engaged in manipulation and deceptive conduct in connection with a securities transaction in violation of 15 U.S.C. §78j(b) and the Rules and regulations promulgated thereunder, by failing to disclose and misrepresenting the true nature of their intentions as set forth above.

37.     That the Defendants further engaged in knowing manipulation and deceptive conduct by directly representing and warranting that the Corporate Defendant and Bradley

9

would honor its obligations pursuant to the Note, and Agreement when in truth and in fact they had no intention to do so.

38. That in reliance on the foregoing misrepresentations and material omissions by the Defendants, Vis Vires was induced to purchase the Corporate Defendant's securities and to make loans to the Corporate Defendant as aforesaid.

39. That as a direct and proximate result of the Defendant's conduct, Vis Vires suffered damages, in an amount to be determined by the Court, for not less than $128,000.

## AS AND FOR A SIXTH CAUSE OF ACTION – INJUNCTIVE AND EQUITABLE RELIEF

40. Vis Vires repeats and realleges each and every allegation contained in paragraphs 1 through 39 of this Complaint with the same force and effect as if fully set forth at length herein.

41. That the total amount due to Vis Vires is $128,000 exclusive of any additional liquidated damages, consequential damages, default interest, statutory prejudgment interest, legal fees, court costs and litigation expenses.

42. That while Vis Vires is clearly entitled to a money judgment, the Corporate Defendant is clearly incapable of satisfying any such judgment obtained.

43. That in its most recent filing required under the Federal Securities Laws, the Corporate Defendant concedes that it has total assets that are exceeded by its total liabilities thus rendering it insolvent.

44. That the Corporate Defendant also represents therein that for that period it had a net loss and that at the end of the period, it had insufficient cash to meet its obligations, thus rendering it insolvent.

45. That the only viable avenue available to Vis Vires to obtain repayment of the outstanding Note is by exercising its conversion rights and thereby obtaining unrestricted shares of stock in the Corporate Defendant and selling those shares on the open market.

46. That at present there is an active market for the Corporate Defendant's stock which continues to trade in significant volume.

47. That so long as that activity continues and assuming that Vis Vires's conversion rights are not frustrated or impeded, Vis Vires will be able to obtain the unrestricted shares, sell them in the market place, and recover the outstanding principal indebtedness owed to it as well as anticipated profits.

48. That the market for the shares of stock in the Corporate Defendant is extremely volatile, such that there can be no assurance that the current level of activity will continue to be sustained.

49. That if as and when such trading subsides or is curtailed, any shares obtained by Vis Vires at that time no longer be saleable thereby preventing Vis Vires from recovering the indebtedness due it, thereby leading to irreparable harm based on unrecoverable judgments.

50. That time is of the essence, and to prevent Vis Vires from suffering such irreparable harm, Vis Vires must immediately be permitted to exercise its conversion rights, and the Defendants must be immediately directed to cooperate with the same and to deliver the shares of stock at issue.

51. That because of the nature, condition, and value of the stock which Vis Vires seeks to acquire in this action is unique to it under the facts and circumstances presented, and because Vis Vires will suffer and sustain irreparable damage that cannot be recovered through a

money judgment against the Defendants, Vis Vires has no adequate remedy at law and is entitled to equitable relief.

52. That by virtue of the foregoing, Vis Vires is entitled to and demands a judgment directing the Defendants to execute and deliver all documents necessary to complete the conversion process and to deliver the stock sought by Vis Vires and to which it is contractually entitled in the form of a mandatory injunction.

### AS AND FOR AN SEVENTH CAUSE OF ACTION
### INTENTIONAL INTERFERENCE WITH CONTRACT

53. Vis Vires repeats and realleges each and every allegation contained in paragraphs 1 through 52 of this Complaint with the same force and effect as if fully set forth at length herein.

54. That the defendant Bradley was fully aware at all times of the existence and the valid and binding nature of the contracts and agreements between Vis Vires and the Corporate Defendant.

55. That Bradley intentionally and with malice aforethought caused the Corporate Defendant to breach its contractual agreements with VIS VIRES without any legal or factual justification based upon the breaches and defaults contained herein above.

56. That Bradley caused these breaches and defaults to take place for his own personal benefit and to maintain a higher stock price and stock value for his own holdings, and for his own financial benefit, and not for the benefit of the Corporate Defendant.

57. That as a result, Bradley is liable to Vis Vires under the theory of intentional interference with contract, as the contracts at issue were in fact breached, thereby causing damages to VIS VIRES of at least $128,000.

WHEREFORE, Vis Vires demands judgment against Defendants as follows:

(i) For $128,000 on the First Cause of Action;

(ii) For $64,000 on the Second Cause of Action;

(iii) For an amount of lost profits to be determined by the Court but in no event less than $128,000 on the Third Cause of Action;

(iv) Awarding Vis Vires its reasonable legal fees and costs of litigation on the Fourth Cause of Action;

(v) For an award of consequential damages in an amount to be determined by the Court but no less than $64,000 on the Fifth Cause of Action;

(vi) For a temporary restraining order and a preliminary and permanent injunction against the Defendants directing that said Defendants and their agents, servants and employees immediately take all steps necessary and proper to permit the conversion of debt to stock and to deliver the stock at issue as described above on the Sixth Cause of Action;

(vii) For an award of damages to be determined by the Court but no less than $128,000 on the Seventh Cause of Action; and

(viii) Together with the costs and disbursements of this action, interest at the rate of default as set forth in the Note; pre-judgment interest as provided by statute, and such other and further relief as the Court may deem just and proper.

Dated: Great Neck, New York
       October 29, 2015

NAIDICH WURMAN LLP

By: _____
Richard S. Naidich, Esq. (RSN 4102)
111 Great Neck Road, Suite 214
Great Neck, NY 11021
Telephone: 516-498-2900
Facsimile: 516-466-3555
Attorneys for Plaintiff –
Vis Vires Group, Inc.

Exhibit A

# NAIDICH WURMAN LLP
*Attorneys at Law*

RICHARD S. NAIDICH
KENNETH H. WURMAN

JUDAH A. EISNER

111 GREAT NECK ROAD, SUITE 214
GREAT NECK, NEW YORK 11021
TELEPHONE (516) 498-2900
FACSIMILE (516) 466-3555

BERNARD S. FELDMAN
ROBERT P. JOHNSON

OF COUNSEL

October 29, 2015

## NOTICE OF DEFAULT

*VIA E-MAIL (mbradley@playersnetwork.com);*
*(todd@ksne2enterprises.com)*
*& FEDERAL EXPRESS*

Players Network
1771 E. Flamingo Road, Suite 201-A
Las Vegas, NV 89119

ATTN: Mark Bradley, CEO

RE: Vis Vires Group, Inc. with Players Network

Dear Mr. Bradley:

As you know, Vis Vires Group, Inc. (the "Investor" or "Holder") made loans to Players Network (the "Company") and the Company executed, among other things one or more Convertible Promissory Note(s) (the "Note(s)"). The Note(s) provide in pertinent part that the Company shall be in default if it announces or threatens in writing that it will not honor its obligation to issue shares of Common Stock to the Holder, as provided in Section 3.2 of the Note(s).

Based upon the foregoing, the Company is now in default under the Note(s). Demand is hereby made for the immediate payment as provided in the Note(s) a sum representing 200% of the remaining outstanding principal balances, together with Default Interest as provided for in the Note(s) (the "Default Amount"). Your failure to comply with the demand of this letter will result in the investor, exercising all rights under the Note(s). Additionally, should the Default Amount not be paid within 5 business days from the date of this letter, in addition to all the other rights and remedies available to it, the Investor shall in its sole discretion convert the Default Amount into equity as provided for in the Note(s).

Very truly yours,

Bernard S. Feldman,
Of Counsel

BSF:ms
Cc: Vis Vires Group, Inc.
    Bloom Donohue & Young LLP
        Michael S. Pratter (mpratter@bdyllp.com)
        Jerry T. Donohue, Esq. (jdonohue@bdyllp.com)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK          Civil Action No.:

VIS VIRES GROUP, INC.,

                              Plaintiff,

-against-

PLAYERS NETWORK, INC. and MARK BRADLEY,

                              Defendants.

## SUMMONS AND COMPLAINT

**NAIDICH WURMAN LLP**
**ATTORNEYS FOR PLAINTIFF**
**111 GREAT NECK ROAD - SUITE 214**
**GREAT NECK, NEW YORK 11021**
**(516) 498-2900**

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

DATED: October 29, 2015          Signature: _____
                                  Print: Richard S. Naidich, Esq.

Service of a copy of the within             is hereby admitted.
Dated:                                       _____
                                             Attorney(s) for

PLEASE TAKE NOTICE

NOTICE          that the within is a (certified) true copy of an Order entered
OF ENTRY        in the office of the clerk of the within named Court on          , 20___.

NOTICE OF       that an Order of which the within is a true copy will be presented for
SETTLEMENT      settlement to the Hon.                  , one of the judges of
                within named Court, at                  on          , 20___ at
                a.m.

DATED: Great Neck, New York
       October 29, 2015          NAIDICH WURMAN LLP
                                  Attorneys for Plaintiff
                                  111 Great Neck Road - Suite 214
                                  Great Neck, New York 11021
                                  (516) 498-2900